# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRY L. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11-CV-165-NAB |
| | ) |
| ST. LOUIS COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Terry L. Harris (registration no. 1196012) for leave to commence this action without payment of the required filing fee.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C.

§ 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50, and an average monthly balance of $1.18. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Eastern Reception Diagnostic and Correctional Center, seeks monetary relief in this action brought under 42 U.S.C. § 1983. Named as defendants are St. Louis County Jail; State of Missouri; St. Louis County Correctional Officers Christopher West, Cassandra Shaw, Shawna Hookwear, Anthony Tony Jones, Kiesha Thomas Grimes, and Christy Walker; Public Defenders Terresa Coyle and Amy Clay; and inmates Ronald Harshaw, Morgan Lemere, Darwin Clark, Thurman Shelton, Reginald Welch, Aaron Kaueman, and Steven Reddman. Plaintiff alleges that, during his incarceration at the St. Louis County Jail from December 15, 2006 thru August 4, 2009, the defendant correctional officers harassed him and called him names and asked other inmates to harass him, as well. Plaintiff claims that he was stalked and threatened with physical injury. He also claims that he was assaulted and suffered a "severe broken nose and a head injury." As to the two public defender defendants, plaintiff alleges that he was "advised to keep his mouth shut" about various matters and

received ineffective assistance of counsel. Plaintiff further alleges that the inmate defendants stalked him and informed a newspaper that he was a sexual predator. Plaintiff states that when he complained about this, he was strip-searched. He also claims his life has been threatened and that the State of Missouri "hung a target on [his] back" and "decided to use [him] to set up sex offenders."

## Discussion

Having carefully reviewed the complaint, the Court concludes that this action is legally frivolous as to defendants St. Louis County Jail and State of Missouri. Jails are not suable entities, see Lair v. Norris, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); Marsden v. Fed. Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(jails are not entities amenable to suit), and the State of Missouri is not a "person" for purposes of a § 1983 action and is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989).

The six St. Louis County Correctional Officers are being sued in their official capacities. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995)(where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan

Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As such, the complaint is frivolous as to the defendant correctional officers.

The complaint is also legally frivolous as to the public defenders, Terresa Coyle and Amy Clay, because they were not acting under color of state law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981)(public defenders performing lawyers' traditional functions do not act under color of state law for purposes of § 1983).

Last, the complaint is legally frivolous as to the seven inmate defendants, because they are not state actors within the meaning of § 1983. See, e.g., Parratt v. Taylor, 451 U.S. 527, 535 (1981)(to state § 1983 claim, plaintiff must first establish that a person acting under color of state law committed actions which form the basis of the complaint), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986).

For these reasons, the Court will dismiss this action as legally frivolous and for failure to state a claim or cause of action under § 1983.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>28th</u> Day of February, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE